IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE ANTHONY LUNA                                                                                          PLAINTIFF

v.                                           Civil No. 4:22-cv-04048

SHERIFF ROBERT GENTRY;
JAIL ADMINISTRATOR CHIRS WALCOTT;
JAILER ADRIAN HERNANDEZ;
JAILER ROMONA ARENAS; PROGRAM
CORRDINARTOR ELEUPERIO HERNANDEZ;
JAILER BARBERA VALENTINE;
JAILER KIMBERLY McBAIN; JAILER/DEPUTY
ANTHONY IRVIN; JAILER BLAKE REEL;
JAILER/PROGRAM DIR. ANA MEJIA;
JAILER WHITNEY HIGGINS; and
NURSE TAMMY FOWLER                                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's (1) Motion for Temporary Restraining Order (ECF No. 33), and (2) Motion for Preliminary Injunction (ECF No. 34). Defendants responded to both Motions with one Response and Brief in Support (ECF Nos. 35, 36).

**I. BACKGROUND**

Plaintiff filed his original Complaint on June 1, 2022. (ECF No. 1). He was granted *in forma pauperis* status that same day. (ECF No. 3). Plaintiff filed his Amended Complaint on June 15, 2022, (ECF No. 6), and his Second Amended Complaint on July 7, 2022 (ECF No. 8). In his Second Amended Complaint, Plaintiff alleges Defendants violated his constitutional rights while he was incarcerated in the Sevier County Detention Center ("SCDC"). (ECF No. 8). Specifically, Plaintiff claims:

1

(1) he was denied a healthy and safe environment while housed in the SCDC, (ECF No. 8, p.6);

(2) he was denied free speech when his mail was censored in the SCDC, (ECF No. 8, p. 7);

(3) he was subjected to cruel and unusual punishment when Defendants refused to make copies of his legal papers after another inmate urinated all over the legal papers, (ECF No. 8, p. 8); and

(4) he was denied access to the courts when Defendants refused to replace the legal papers destroyed by the urinating incident (ECF No. 8, p. 9).

In his Motion for Temporary Restraining Order, Plaintiff states he heard a rumor the Defendants were attempting to entrap him with drug charges, he believes Defendants are reading his legal mail, and he cannot get access to legal pads of paper. As relief, Plaintiff request the Court transfer his criminal case to a new venue, and temporarily release him from incarceration in the SCDC. (ECF No. 33, pp. 1-2).

In his Motion for Preliminary Injunction, Plaintiff again requests the Court order his release from the SCDC and transfer his criminal case to a new venue. (ECF No. 34, pp. 1-2). Plaintiff goes on to complain in detail regarding his criminal charges, criminal lawyer, Defendants actions regarding a missed court date for his criminal charges, his legal mail is being read, issues with previous cases of COVID in the SCDC and other general complaints of past instances that occurred in the SCDC with other inmates. (ECF No. 34, 3-4).

Defendants argue in their response, Plaintiff is not entitled to any injunctive relief, preliminary injunction nor temporary restraining order, because the complained of harm has already occurred. Plaintiff has failed to allege any future harm that needs preventing. (ECF No.

36, p. 1-2). Further, Defendants argue Plaintiff seeks relief related to his criminal charges which are not available in this Section 1983 action. *Id.*

## II.  LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs requests for injunctive relief which includes both preliminary injunctions and temporary restraining orders. Federal courts may issue an order for a temporary restraining order without first hearing from all parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). By contrast, courts may issue preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). Courts apply the same legal standard for issuing a temporary restraining order or preliminary injunction. *See S. B. McLaughlin & Co., Ltd. V. Tudor Oaks Condominium Project*, 877 F.2d 707, 708-09 (8th Cir. 1989). Required considerations include: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other interested parties; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

While no single factor, alone, is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). Further, a "mere possibility" irreparable harm will occur is insufficient. *Sessler v. City of Davenport, Iowa,* 990 F.3d 1150, 1156 (8th Cir. 2021). "A movant must show he is *likely* to suffer irreparable harm in the absence of preliminary relief" to establish the need for injunctive relief. *Id.* (emphasis added). The burden of proof for a

preliminary injunction rest on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III.  DISCUSSION

First the Court will apply the *Dataphase* factors to Plaintiff's assertions and requests. Plaintiff failed to allege he will suffer any irreparable future harm if his injunctive relief is denied. Defendants are correct that all harm alleged by Plaintiff has already occurred. Without the potential of future irreparable harm, Plaintiff has failed to show one of the most critical *Dataphase* factors. *See Chicago Stadium,* 530 F.2d at 206. Since there is no future harm alleged, there is no harm to balance under the second *Dataphase* factor.

Third, Defendants deny all the allegations made against them by Plaintiff in his Second Amended Complaint. There has yet to be any discovery in this matter, and thus no supporting documents are presented by Plaintiff in support of his Motions. At this early stage of the litigation, it is impossible to determine whether Plaintiff will succeed on the merits of his claims.

Lastly, in assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting Plaintiff's requested injunctive relief would amount to direct interference by the Court with the operation and administration of the SCDC which is harmful to the SCDC and does not serve any public interest.

As an additional matter, the only relief requested by Plaintiff is outside of the Court's authority and jurisdiction in this case. As relief in both his Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Plaintiff requests a transfer of venue for his criminal

case, and a release from the SCDC. The Court does not have the authority or jurisdiction in this Section 1983 matter to direct the SCDC to transfer a state criminal case to another venue. Further, the Court cannot order a release of Plaintiff in a Section 1983 matter, and can only order the transfer of Plaintiff if he presents very specific circumstances. The administration of state prisons or county jails is not within the province of the federal courts except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an "unusually high risk of physical danger." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983) (reversing the district court's judgment denying an notorious inmate's Section 1983 claim, and ordering a transfer of inmate to a facility outside the state of Arkansas where he would be safe from the undue risks to his safety he faced in the Arkansas Department of Corrections). Plaintiff has presented no evidence or allegations that he is in physical danger at the SCDC.

Furthermore, all of Plaintiff's claims regarding his criminal charges, and validity of his incarceration, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. 486-487. The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 F.App'x 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000). Plaintiff has not presented any evidence to show that his criminal conviction has been overturned or otherwise invalidated. Accordingly, the Court will not consider Plaintiff's claims regarding the constitutionality of his convictions and incarceration.

Finally, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's section 1983 claim is not the appropriate avenue for the relief sought in Plaintiff's Motions. *See Preiser*, 411 U.S. at 500.

## IV.  CONCLUSION

Accordingly, I recommend Plaintiff's (1) Motion for Temporary Restraining Order (ECF No. 33), and (2) Motion for Preliminary Injunction (ECF No. 34) both be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of February 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE