IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE ANTHONY LUNA                                                                                           PLAINTIFF

v.                                          Case No. 4:22-cv-4048

SHERIFF ROBERT GENTRY;
JAIL ADMINISTRATOR CHRIS WALCOTT;
JAILER ADRIAN HERNANDEZ; JAILER
ROMONA ARENAS; PROGRAM COORDINATOR
ELEUPERIO HERNANDEZ; JAILER BARBERA
VALENTNE; JAILER KIMBERLY MCBAIN;
JAILER/DEPUTY ANTHONY IRVIN; JAILER
BLAKE REEL; JAILER/PROGRAM DIR.
ANA MEJIA; JAILER WHITNEY HIGGINS;
and NURSE TAMMY FOWLER                                                                                    DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 122. Judge Bryant recommends that Defendants Robert Gentry, Chris Walcott, Adrian Hernandez, Romona Arenas, Eleuperio Hernandez, Barbara Valentine, Kimberly McBain, Anthony Irvin, Blake Reel, Ana Mejia, and Whitney Higgins' ("County Defendants") Motion for Judgement on the Pleadings (ECF No. 108) be granted and that Plaintiff's claims against the County Defendants be dismissed without prejudice.[1]  Plaintiff filed objections. ECF No. 125. The Court finds the matter ripe for consideration.

Even construing Plaintiff's objections liberally, the Court can only discern a single objection that is sufficiently coherent and specific to necessitate a de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is necessary to require

---

[1] Judge Bryant notes that the R&R does not apply to the claims against Separate Defendant Tammy Fowler because her Motion for Summary Judgment (ECF No. 127) is being addressed separately.

a de novo review of a magistrate's recommendation); *and see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990) (courts must give pro se objections a liberal construction). That lone objection attempts to dispute Judge Bryant's determination that Plaintiff's 42 U.S.C. § 1983 claim alleging a violation of the Fourteenth Amendment fails because he suffered no physical injury. Plaintiff's remaining attempts to form an objection are a series of meandering ideas that never coalesce into any intelligible rebuttal of Judge Bryant's recommendations. Upon review of the recommendations for which Plaintiff did not make a specific objection, the Court finds no plain error on the face of the record and that Judge Bryant's reasoning is sound. Accordingly, the Court adopts those recommendations and will dismiss those relevant claims. The Court will conduct a de novo review of Plaintiff's specific objection below.

## I. LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433

F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A motion for judgment on the pleadings should be granted when . . . the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." *Schnuck Markets, Inc. v. First Data Merchant Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017).

## II. DISCUSSION

Plaintiff brings claims pursuant to 42 U.S.C. § 1983, arising from his time confined in the Sevier County Detention Center ("SCDC") as a pre-trial detainee.[2] Relevant to his failure to protect claims, Plaintiff alleges that several[3] of the County Defendants knowingly placed a dangerous detainee in the same holding cell as Plaintiff. Plaintiff further alleges that the dangerous inmate suffered from significant psychological problems and that a change to that detainee's medications resulted in him urinating on Plaintiff's criminal trial documents while sleepwalking. Plaintiff asserts, without elaboration, that the urination incident led to "mental anguish," "stress," and "physical harm relating to the outcome of [Plaintiff's] criminal trial." ECF No. 8, p. 11; ECF No. 79, p. 4.

Judge Bryant recommends that the County Defendants be granted judgment on the pleadings for these claims because Plaintiff never alleges any physical injury to his person, which is a prerequisite for any inmate civil action alleging mental injury. ECF No. 122, p. 12-14. To the extent Plaintiff is attempting to allege that the injury incurred is his subsequent criminal conviction

---

[2] Plaintiff's operative allegations are found within the Second Amended Complaint (ECF No. 8) and corresponding Supplement (ECF No. 79).
[3] Specifically, this claim is brought against Defendants Barbera Valentine, Adrian Hernandez, Kimberly McBain, Romona Arenas, Chris Walcott, Anthony Irvin, Whitney Higgins, and Ana Mejia

and incarceration, Judge Bryant notes that a § 1983 action is an impermissible manner of attacking a criminal conviction and that such a claim would necessarily fail. Plaintiff's objection seems to dispute that a physical injury is necessary for these claims, citing to *Whitson v. Stone County Jail*, 602 F.3d 920 (8th Cir. 2010) to support his assertion that the other detainee urinating on his legal papers "is no different from being assaulted." ECF No. 125, p. 2-3.

The Court finds that Judge Bryant's analysis and recommendation is correct. A failure to protect claim requires showing that a detainee was subject to a serious risk of harm and that prison officials were deliberately indifferent to that serious risk.[4] *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Claims made pursuant to § 1983 must allege a cognizable injury that is causally traced to the allegedly unconstitutional conduct. *See Pagan v. Calderon*, 448 F.3d 16, 27 (1st Cir. 2006). There may be no civil action brought by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e); *and see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) ("[W]e read section 1997e(e) as limiting recovery for mental or emotional injury in *all* federal actions brought by prisoners.") (emphasis added).

Taking as true all of Plaintiff's allegations, he never alleges that he incurred a physical injury as the result of County Defendants placing the mentally unstable detainee in the same holding cell as Plaintiff. As Judge Bryant noted, he only alleges that he directly incurred "mental anguish" and "stress" from the urination incident. There is no allegation that could be generously interpreted as describing a physical injury to Plaintiff's person, which bars Plaintiff's failure to protect claims. *See* 42 U.S.C. § 1997e(e). Plaintiff's citation to *Whitson* is irrelevant, as the

---

[4] Though Plaintiff's constitutional claims are made pursuant to the Fourteenth Amendment because he was a pre-trial detainee at the relevant time, his claims are analyzed the same manner as Eighth Amendment claims are for convicted inmates. *See Whitney v. City of St. Louis, Mo.*, 887 F.3d 857 (8th Cir. 2018).

substance of that opinion does not address the limitations placed upon prisoner actions alleging mental injury. 602 F.3d at 923-28. Further, any suggestion from Plaintiff that the urination physically injured him by causing his subsequent conviction is barred by the principle articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that any claim made under § 1983 alleging that a plaintiff's conviction was invalid or resulted from unconstitutional conduct requires the plaintiff to prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87. Plaintiff makes no allegations nor offers any proof that his conviction has been overturned or challenged in the ways outlined in *Heck*. Accordingly, Plaintiff has failed to establish his failure to protect claims and the County Defendants are entitled to judgment on the pleadings.

### III. CONCLUSION

For the reasons stated above, the Court adopts Judge Bryant's R&R (ECF No. 122) *in toto*. County Defendants' Motion for Judgment on the Pleadings (ECF No. 108) is hereby **GRANTED**. Plaintiff's claims against the County Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.[5]

**IT IS SO ORDERED**, this 19th day of September, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[5] County Defendants' motion does not request judgment as a matter of law or explicitly seek dismissal with prejudice. "The mere fact the motion was couched in the terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than by judgment." *Amersbach v. Cleveland*, 598 F.2d 1033, 1038 (6th Cir.1979), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985).